AO 91 (Rev. 11/11)  Criminal Complaint   (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| | ) | 3:20MJ317 |
| | ) | |
| JACK CLARENCE ELSON, II | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  July 11, 2020  in the county of  Montgomery  in the
Southern  District of  Ohio , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) & 924(a)(2) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

KENNETH PITNEY  Digitally signed by KENNETH PITNEY
Date: 2020.07.13 16:52:26 -04'00'
*Complainant's signature*

SA KENNETH R. PITNEY, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ *(specify reliable electronic means)*.
Via FaceTime

Date:  07/13/2020

*Judge's signature*

City and state:  DAYTON, OHIO    U.S. MAGISTRATE JUDGE
*Printed name and title*

**AFFIDAVIT**

Your Affiant, Kenneth R. Pitney, being duly sworn, states as follows:

**I**.

**INTRODUCTION**

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since July 2013. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the ATF National Academy's Special Agent Basic Training Program. As such, I have become familiar with firearms and federal firearm laws. During my career with ATF, I have participated in the execution of numerous federal search and/or arrest warrants related to the illicit possession, sale and theft of firearms and/or narcotics by armed subjects. I am also an ATF trained interstate nexus firearms examiner.

**II.**

**PURPOSE OF AFFIDAVIT**

2. This Affidavit is prepared in support of a criminal complaint against Jack Clarence ELSON II (hereinafter referred to as "**ELSON**"), and an application for a search warrant for his leased premises located 5052 Wagner Ford Road, in Harrison Township, Montgomery County, Ohio. I make this affidavit based upon my personal knowledge and participation in the subject investigation. My involvement in subject case has included reviewing witness interviews and reports of investigation, engaging in discussions with other law enforcement agents knowledgeable of the facts and circumstances of this case, and considering other information and knowledge gained through my prior law enforcement training and experience.

3. The information outlined below does not contain all the known facts and details of which I am aware which relate to the subject investigation, but rather is provided for the limited

purpose of establishing probable cause to believe that on or about July 11, 2020, in the Southern District of Ohio, **ELSON** possessed a firearm which had previously traveled in or affected interstate or foreign commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and probable cause exists to issue a search warrant for criminal evidence concerning said crimes for premises located 5052 Wagner Ford Road, in Harrison Township, Montgomery County, Ohio.

### III.

### SUMMARY OF PROBABLE CAUSE

4. On or about July 11, 2020, Deputies from the Montgomery County Sheriff's Office (MCSO) were dispatched to 18 Clover Street, in the City of Dayton in response to a report of a female purportedly being sexually assaulted multiple times over the last week at a residence located at 5052 Wagner Ford Road in Harrison Township, Ohio. Upon arriving on-scene, a MCSO Deputy interviewed the purported VICTIM who advised that during the period between July 4, 2020 and July 11, 2020, Dustin James VANWEY involuntarily injected her with methamphetamines and proceeded to sexually assault her on numerous occasions despite her saying "no". The VICTIM further advised MCSO Deputies that multiple sexual assaults occurred at the 5052 Wagner Ford Road residence. The VICTIM advised that VANWEY was observed possessing and brandishing a small black .380 caliber pistol that he used to threaten her during the sexual assaults. The VICTIM further stated that, in addition to said pistol, VANWEY also had a camouflaged shotgun in his bedroom at said residence.

5. Upon making initial contact at the RESIDENCE, a Jack Clarence ELSON II exited said residence. ELSON advised that he is the leasee of the premises. ELSON advised that VANWEY was located inside the premises, and that there were multiple firearms in the residence.

After a 12-hour standoff with MCSO SWAT, VANWEY exited the residence and was apprehended.

6. Subsequent to the termination of said stand-off, on July 11, 2020, MCSO deputies executed a state search warrant inside the said residence. In addition to seeking evidence associated with the suspected sexual assaults, deputies also located a Remington model Nylon 66, .22lr, semi-automatic rifle bearing serial number 2367332 which was found inside a cedar chest located in the bedroom located at the end of the hall on the right. This bedroom was later determined to be occupied by ELSON.  Deputies also observed a loaded black pistol magazine in the first bedroom on the left (this was later determined to be routinely occupied by VANWEY).  This firearm was not seized by MCSO deputies.  Deputies also observed a military backpack full of shotgun ammunition, a box for a Smith & Wesson M&P Bodyguard pistol, and other ammunition in the ELSON's bedroom located at the end of the hall on the right.

7. On July 13, 2020, your Affiant responded to the RESIDENCE and spoke with ELSON regarding VANWEY's suspected possession of firearms. ELSON advised that his residence is equipped with multiple motion activated surveillance cameras and multiple DVR systems which provide coverage both inside and outside the RESIDENCE. ELSON further stated that he believed that the video footage remained stored on the system for several days, possibly for as long as up to one (1) month. ELSON refused to allow your Affiant to access the surveillance systems. ELSON stated that VANWEY stays in the first bedroom on the left and that he (ELSON) stays in the bedroom at the end of the hall on the right, which has a padlock on it. ELSON further stated that the MCSO SWAT's use of gas during the said standoff operation involving VANWEY resulted in the inside his house being coated and contaminated with residue.  As such, he was then in the process of attempting to clean up his premises. ELSON further stated that he had not as of

yet been able to work his way throughout the entire house. As such, the house remained a mess. ELSON further stated that VANWEY regularly possessed firearms, and further noted that, prior to said standoff, VANWEY was observed in possession of a camouflaged shotgun. ELSON further stated that he had not located that said shotgun, and assumed that the MCSO deputies must have recovered it when they searched the house. ELSON further indicated that he would contact the MCSO if he found the shotgun.

8. On July 13, 2020, your Affiant reviewed the evidence photographs taken during the execution of the MCSO search warrant, and the "before search" video taken by the MCSO evidence collection team. During the process of reviewing said video, your Affiant observed the loaded pistol magazine on the dresser in the room previously described by ELSON as belonging to VANWEY, together with a military backpack full of shotgun ammunition, in the room identified by ELSON as being his. While reviewing the search warrant photographs, your Affiant also observed the presence of other ammunition in various other rooms throughout the RESIDENCE.

9. On July 13, 2020, MCSO deputies re-interviewed the VICTIM. She stated that she was certain that the pistol VANWEY had carried and brandished was in-fact a .380 caliber because VANWEY had her purchase that caliber of ammunition for the weapon. MCSO deputies showed the VICTIM a stock photograph of a Smith & Wesson M&P Bodyguard pistol, to which she responded that it looked very much like the same one she observed VANWEY carry. The VICTIM further stated that VANWEY typically kept this firearm wrapped up in a handkerchief with a printed "skull" design.

10. On July 13, 2020, MCSO deputies executed a state search warrant on VANWEY's cellphone. The search of this cellphone revealed multiple photographs of a camouflaged shotgun. The photographs appear to have been taken on July 4, 2020 in the RESIDENCE.

11. A check of **ELSON's** criminal history reveals that he has prior convictions that include:

   a) On February 5, 2001 in the Common Pleas Court of Montgomery County, Ohio, **ELSON** plead guilty to charges of Felonious Assault O.R.C. 2903.11(A)(1) F2 and Robbery O.R.C. 2911.02(A)(2) F2;

   b) On June 18, 2007 in the Common Pleas Court of Montgomery County, Ohio, **ELSON** plead guilty to charges of Aggravated Robbery (Serious Physical Harm) O.R.C. 2911.01(A)(3) F1; and

   c) On January 24, 2019 in the Common Pleas Court of Montgomery County, Ohio, **ELSON** plead guilty to charges of Having Weapons While Under Disability (Prior Drug Conviction) O.R.C. 2923.13(A)(3);

12. Your Affiant is aware that VANWEY also has multiple prior state felony convictions for drug offenses and aggravated robbery.

13. Your Affiant is a trained ATF interstate nexus firearm specialist. Based on my prior training and experience, I am aware that the previously described Remington model Nylon 66, .22lr, semi-automatic rifle was not manufactured within the state of Ohio. Based on the facts set forth in this affidavit, I believe there is probable cause to believe that, on or about July 11, 2020, in the Southern District of Ohio, ELSON did possess at least one firearm and ammunition that had previously traveled in or affected interstate or foreign commerce all in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

//

//

//

//

//

//

14. Based on the facts set forth in this affidavit, I further believe there is probable cause to conclude that there is reasonable cause to believe that criminal evidence of violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by ELSON will likely be found inside the premises identified as 5052 Wagner Ford Road, in Harrison Township, Montgomery County, Ohio which remains occupied by ELSON and was previously occupied by VANWEY.

KENNETH PITN
Digitally signed by KENNETH PITN
Date: 2020.07.13 16:51:51 -04'00'

Kenneth R. Pitney
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed before me this 13th day of July 2020.

_____
Sharon L. Ovington
United States Magistrate Judge